United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40612
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VLADIMIR HERNANDEZ-GONZALEZ,
also known as Demecio Infante,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-1000-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirmed the judgment of conviction and sentence of Jose

Vladimir Hernandez-Gonzalez. United States v. Hernandez-

Gonzalez, No. 04-40612 (5th Cir. Jan. 17, 2005)(unpublished).

The Supreme Court vacated and remanded for further consideration

in light of United States v. Booker, 125 S. Ct. 738 (2005). See

de la Cruz-Gonzalez v. United States, 125 S. Ct. 1995 (2005). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

Hernandez-Gonzalez argues that his sentence should be vacated because the district court sentenced him under mandatory guidelines in violation of Booker. He argues that he should not be required to show plain error because the district court's error was "structural." He also argues that even under plain-error review his sentence should be vacated.

Here, the district court erred by imposing a sentence pursuant to a mandatory application of the sentencing guidelines. See Booker, 125 S. Ct. at 768; see also United States v. Mares, 402 F.3d 511, 520-21 & n.9. (5th Cir. 2005), petition for cert. filed, (Mar. 31, 2005) (No. 04-9517). However, Hernandez-Gonzalez must establish that the error was "sufficient to undermine confidence in the outcome [of the case]." United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (internal quotation marks and citations omitted). Hernandez-Gonzalez cannot make such a showing because the record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme. Although the district court sentenced Hernandez-Gonzalez to the lowest end of the guideline range, it did so without comment. In the absence of a showing that his sentence likely would have been different had the Sentencing Guidelines been advisory, Hernandez-Gonzalez cannot establish

plain error, and his <u>Booker</u> argument fails.  The judgment of the district court is AFFIRMED.